UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

TOMMY JOE WILLIAMS,
Conservator of Michael Sprick,
An Incapacitated Person,

    Plaintiff,

v.                                                  Case No.: 7:13-cv-00464

OLD HB, INC. (f/k/a Hostess Brands, Inc.),
INTERSTATE BRANDS CORPORATION,
IBC TRUCKING, LLC,
IBC SERVICES, LLC,
IBC SALES CORPORATION,
MCF LEGACY, INC., and
NORMAN RICHARD MARCHANT,

    Defendants.

## DECLARATION OF PAUL R. THOMSON III

I, Paul R. Thomson, III, declare as follows:

1.    I am a member in good standing of the bar of the Commonwealth of Virginia. I am the sole attorney, and owner of, The Thomson Law Firm, PLLC. I am co-counsel in this action with attorney Michael Kernbach, representing Tommy Joe Williams Conservator of Michael Sprick, an Incapacitated Person v. Old HB, Inc. (f/k/a Hostess Brands, Inc.), Interstate Brands Corporation, IBC Trucking, LLC., IBC Services, LLC., IBC Sales Corporation, MCF Legacy, Inc., and Norman Richard Marchant.

My Background and Experience

2.    I graduated from Virginia Tech in 1989, where I received a Bachelor of Arts in Political Science. I then worked for Allstate Insurance Company from 1989-1992 and left as a Senior Claims Representative to attend law school. I attended the University of Arkansas at

1

Little Rock, William H. Bowen School of Law from 1992 to 1995. While in law school I was a member of law review from 1993 to 1995 and also served as the Associate Research Editor of the UALR Law Journal in 1994, and published an article. I graduated with honors.

3. After graduating from law school, I worked as an associate for the law firm of Rider, Thomas, Cleaveland, Ferris and Eakin in Roanoke, Virginia. While there, the majority of my caseload consisted of personal injury cases and criminal law matters.

4. In 1998 I joined the law firm of Michie, Hamlett, Lowry, Rasmussen and Tweel (currently known as MichieHamlett), based in Charlottesville, Virginia. I was responsible for the firm's Roanoke satellite office, and later, the firm's Charleston, West Virginia office. While at that law firm, I represented exclusively plaintiffs seeking redress for severe injuries related to automobile accidents and defective products. I became a partner in the firm in 2004. I left the firm in August 2010 to start my own firm.

5. In September 2010 I formed The Thomson Law Firm PLLC. My practice focuses almost 100% on representing injured persons. I employ a full time paralegal, a part time paralegal and a part-time bookkeeper.

6. I have obtained several million dollar plus settlements for my clients over my legal career. I have successfully litigated product liability cases as lead counsel against some of the largest corporations in the world. Confidentiality agreements prohibit me from disclosing these entities' names.

7. I have previously been lead counsel in a traumatic brain injury case which resulted in a $2.5 million dollar settlement; lead counsel in another traumatic brain injury case composed of trial and pre-trial settlements exceeding $1 million and co-lead counsel on a

traumatic brain injury case resulting in a $3.5 million settlement. I currently have pending at least two other traumatic brain injury cases.

8. My role in this case was significantly more than that of "local counsel." I have spent over 1,900 hours on this case, including but not limited to: medical and legal research; interviews of Virginia State Police and emergency personnel and eyewitnesses; preparation of experts and medical witnesses; preparation and review of bankruptcy and civil suit documents; three (3) trips to Germany to meet and prepare medical providers, obtain medical care costs, obtain video of Mr. Sprick, and for depositions and negotiation of liens. The specific work by me is detailed in a 104 page time entry which I have attached. See Exhibit 41. I can state with certainty that these time records do not include all of the time I spent on this case. Lastly, these records do not include any of my staff's time spent on this case.

9. The allegations contained in the Brief in Support of Plaintiff Counsel's Request for Fees and Costs which I have filed with the Court are true and accurate to the best of my knowledge, information and belief, and I incorporate them herein, by reference.

10. I agreed to co-counsel on this case on a contingency basis, without any assurance that I would be paid any fees or reimbursed any costs for my efforts or expenditures. I understood that Michael Sprick's sister did not have the funds available to hire an attorney on an hourly basis or the funds needed for the costs associated with this litigation. I did not have any assurance that I would ultimately prevail in this matter or that a mutually agreeable settlement would be reached. I agreed to a fee split of 25 % of the gross fee of 33 1/3%, plus costs advanced for the litigation.

11. By agreeing to work on this case on a small percentage of the total fee, I anticipated that if we obtained a favorable result and the client was satisfied, the full contractual

3

fee of 33 1/3% plus costs, would be approved and honored and I would receive my agreed upon share of that fee, as well as reimbursement of my costs.

12. By accepting this case, I was precluded from accepting other employment. If I had not expended my time and resources on this case, I would have devoted my time and resources to other cases and compensable work. As a result of this case, I have forgone the opportunity to perform other work for clients that would likely have paid far more quickly and would have required far less costs to be advanced.

13. I have personal knowledge of the contingency fees charged by other attorneys within the Commonwealth and with comparable experience to mine. Based on that information, I can state that the 33 1/3% contingency fee, plus costs, was a standard fee and in fact was less than what most other area lawyers would have charged given the complexities and logistics of this case. In fact, when I was asked to assist on this case, I advised Mr. Kernbach that the 33 1/3% fee was too low and should be changed to 40%. After discussion, the fee was left at 33 1/3%.

14. I have expended $98,580.90 in out of pocket expenses in this matter. I have attached an itemization. See Exhibit 39. The majority of these expenses are for translators in Germany, translation of documents (approx. .26 cents a word), expert fees and costs, medical illustrations, travel costs, copying costs, and other charges typically encountered in personal injury cases. This amount excludes costs for office supplies, and legal research such as Westlaw.

15. We have hired German counsel to assist us with the resolution of the potential German insurance liens (travel insurance; disability insurance and health insurance). German counsel Tarek Buchmuller has expended 40.75 hours on this case so far for a charge to date of

4

12,225 Euros. Mr. Buchmuller continues to work and estimates that another 65 hours will be necessary to conclude this case. He charges 300 Euros per hour. See Exhibit 26.

16. I estimate at least another 80 hours will be necessary to resolve the outstanding issues with respect to the German insurance liens and the American medical provider liens.

17. The additional expenses necessary to resolve this case would be funds necessary to pay Mr. Buchmuller and potentially funds for American counsel to return to Germany for any meetings or legal proceedings associated with resolution of the liens and/or obtaining German Court approval.

18. With respect to the documents filed in the Bankruptcy Court, I reviewed and supplied information for the motions to lift stay filed by Cushner and Garvey. I drafted and filed the objection to the ADR. I drafted the remaining bankruptcy documents filed by Plaintiff's counsel. I reviewed more than 2,000 bankruptcy documents filed during the time frame that we were attempting to have the stay lifted.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 25th day of September, 2014.

/s/ Paul R. Thomson, III
Paul R. Thomson, III
Virginia Bar No.: 38765
The Thomson Law Firm, PLLC
*Counsel for Plaintiff*

Respectfully submitted,

/s/ Paul R. Thomson, III
Paul R. Thomson, III
Virginia Bar No.: 38765
The Thomson Law Firm, PLLC
2721 Brambleton Avenue, SW
Roanoke, Virginia 24015
(540) 777-4900 Telephone
(540) 772-0578 Facsimile
paul@roanokeinjurylawyer.com

Michael A. Kernbach
Virginia Bar No.: 025722
Law Office of Michael A. Kernbach, P.C.
9253 Mosby Street
Suite 201
Manassas, Virginia 20110
(571) 292-9046 Telephone
(571) 292-9048 Facsimile
kernlawva@aol.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2014, the foregoing was electronically filed with the CM/ECF system which will send copies of the above to counsel of record.

                                              /s/ Paul R. Thomson, III
                                             Paul R. Thomson, III